We'll hear the next case, the last case to be argued, Edwards v. City of Hartford. Natalie Fiala-Guerreri Good morning, Your Honors. May it please the Court, my name is Natalie Fiala-Guerreri. I represent the City of Hartford in this appeal from the trial court's denial in part of the City's Rule 50 motion for judgment as a matter of law. The two main points of error are, first, that the trial court did not grant the Rule 50 motion simply on the basis that the plaintiff had failed to prove the alleged claims against the City. Counts 37, 38, and 39 were all alleging municipal liability as a result of the negligence of the officers. The plaintiff never alleged liability as a result of Officer May's civil rights violations. The criminal – Roberts Was this point made – Fiala-Guerreri Yes. Roberts – by the magistrate judge? Because I don't think he discusses it in his opinion. Fiala-Guerreri He does not, Your Honor, but it was briefed by me. It was the first argument, in fact, that I had made in support of the Rule 50 motion. And a critical point here, because, in fact, back in 2015, prior to the first jury trial – Roberts – well, but by reaching the merits, which was your second point – Fiala-Guerreri Yes. Roberts – by reaching the merits, it seems that the district court was implicitly conforming the pleadings to the proof, because it dealt with the issue on the merits. Fiala-Guerreri It really did, Your Honor. And, again, I have to claim that as error, because – Roberts – does the district court not have the discretion to do that? Fiala-Guerreri Well, the district court didn't rule either way. He ignored that point. Sotomayor Well, but by reaching the merits, is he not implicitly allowing – in other words, he's not finding it a waiver of any kind. Fiala-Guerreri Yes. Sotomayor And he does have – I mean, if there had been a motion to amend the pleadings to conform to the proof in the interest of justice, it sounds like he would have  without making that decision. The argument the city made was a just one in that it was based upon the rule of the case. Back in 2015, Judge Edginton had granted the city's motion for summary judgment on all of plaintiff's claims against the city. Roberts – I understand that, but that's for Monell liability, basically, right? Fiala-Guerreri No. There was no Monell claim, Your Honor. There were three counts against the city, all strictly contained in counts 37, 38, and 39, all based on Connecticut state statute. So the first – the 37th count is the one where the plaintiff is alleging that based upon the negligence of the officers that the city is liable. Roberts – If the plaintiff had alleged in count 37 or some other count a request for indemnification based on a section 1983 violation, is that a proper claim? Or are you saying – is the city saying that you can never get indemnification  Fiala-Guerreri No, Your Honor. That's not what we're saying. And he could have – Roberts – So if it's alleged, if a 1983 excessive force claim is alleged as the basis for indemnification under 7-465, that is a claim that could proceed? Fiala-Guerreri Absolutely. Roberts – All right. Kennedy – And in Connecticut, do you plead the indemnification claims before the plaintiff actually has recovered or seeks recovery against the officer? Fiala-Guerreri Correct. Kennedy – If the officer cross-claimed against the municipality under the appropriate section, whatever it is, 7-465, because it writes that the statute itself is cast and it says, shall pay on behalf of any employee. So it sounds to me like you could sue the municipality directly then, correct? Fiala-Guerreri There is a direct cause of action by an employee for that, yes. But typically – Kagan – Absolutely. The typical – Fiala-Guerreri Yes. In fact, that statute requires that within a certain number of days that they actually have to provide notice to the City of Hartford if they make a – intend to make a claim like that. And typically, I handle a lot of these cases for the city as I represent the city as a corporation counsel, senior assistant corporation counsel there, that those claims are made in a separate count against the city. So in this case, it could have been made. Breyer – The point is then that your view is that Edgerton had dismissed the claims that were asserted directly against you because of the fact that the nature of the claims that remained were based on willful and wanton conduct allegations. Is that it? Fiala-Guerreri Well, yes. But back – just to get back into the claims against that were around at that time in the prior trial, the only claims that were against the city for municipal liability under those State statutes were Elizabeth Edwards's claim based upon defendants – the defendant officers' negligent infliction of emotional distress and Elizabeth Edwards and Mito's claim for negligence against the defendant officers. Roberts – I'm so sorry. We'd have to worry about those. Fiala-Guerreri Right. So what I'm saying is when they went to trial and lost on those claims, there were no further claims against the city. Roberts – You're saying the only indemnification claim pled is a negligent against – with respect to Edwards is a negligence claim, and that claim was dismissed long before. Fiala-Guerreri That's exactly what I'm saying. And that's the point I made to the Court. Breyer – The problem with that is, is that the jury was charged differently.  I'm sorry. The jury was charged at page 15 of the jury charge. This is from Appendix 102. It says – it talks about unreasonable conduct. It then goes on to the next page and talks about that the plaintiff's entitled to recover if there's been a violation of civil rights where it's done recklessly. And then it discusses that. And so the jury was instructed on an excessive force claim in a general charge, which is appropriate because you can have excessive force and be negligent. I agree with you on that. Your theory was that they weren't supposed to be charged on that, but they were  Fiala-Guerreri Well, actually, the jury never heard the plaintiff's claims against the city. By way of a joint stipulation, the parties entered into – Kagan – And that they recover against the defendant. Kagan – And that they recover against the defendant. Let's cut to the chase here. If they recovered against the police officer for just compensatory damages and not punitive damages under this jury charge, you'd have to reimburse him, wouldn't you? Well, my argument is that – Let me rephrase, be even more specific. If they had recovered against the police officer and they made a specific finding of negligence, would you have to pay – would you have to reimburse the officer? For negligence, yes. There are. Unless – And if the jury was charged on negligence and they found only compensatory damages and rejected punitive damages, you would pay the judgment, wouldn't you? Yes, Your Honor. Right. Because they were instructed on punitive damages and they were told that to award punitive damages, they had to find willful and wanton conduct, correct? They did. Now we're to the second part of your argument. Your argument is, is that the statute says if the jury finds willful and wanton, you don't have to pay. That's exactly correct. And the jury was not told that the – that there was two separate recoveries. They said if his conduct, the conduct that exposes him to excessive force, happens to be willful and wanton, you can also award, in addition to compensatory damages, punitive damages.  That's correct. And so your view of the statute is, is that the statute doesn't – different from the district court – doesn't bifurcate findings. There are not two separate findings here. There's one finding. What was his conduct? And you say willful and wanton. Right. If the underlying conduct of any negligence claim or any civil rights claim is based upon the conduct that can be described as willful or wanton by an officer, the City of Hartford, the State of Connecticut, and the legislature has carved out an exception to municipal liability. So any time that punitives are awarded, that would basically absolve Hartford of liability? Yes. And I'd go even further. But in this particular case, there was an actual finding based upon the context of punitive damages. What's the reasoning for that? I mean, what is the intent of the letter? Well, I mean, it makes sense. Why would a city be held responsible for someone who goes willy-nilly and goes out of control in their duties of the job? Certainly, there's an abrogation of immunity in cases where someone makes a mistake, like I. Let's say I did something negligent. It was a careless mistake. The public policy behind that is to reimburse people that have been damaged by the mistakes. But if someone goes out of that scope. Just so that I'm clear, if the plaintiff had pled an indemnification claim based on unreasonable use of force, not necessarily wanton or malicious, but just unreasonable, something above negligence but short of malicious and wanton, that would still be picked up by the statute? Yes. And what I would have done in that case, the city would be in it on account of was to request jury instructions to. Do one of the special findings. That's right. Whether it was wanton and willful. That's right. To determine whether your officer is on the hook himself or whether the city is going to indemnify him. Absolutely, Your Honor. Precisely the point. Thank you. We'll answer from the other side. Thank you. Good morning, and may it please the Court. James Healy from Cowdery and Murphy in Hartford for the plaintiff, Ken Val Edwards. Mr. Edwards' trial counsel, Peter Van Dyck of West Hartford, is also in the courtroom here today. I'll start on the pleadings issue. The city is overly reliant, I would submit, on the negligent references within the indemnification count. There were factual allegations incorporated. There's no cause of action pled for indemnification based on anything above negligence. All you've done, it alleges negligence. It doesn't say 1983. Is that right? I disagree, Your Honor, because the allegations incorporate, in fact, the specific allegation that unreasonable force. Reiterate and reallege the allegations from above? Is that what you're relying on? They do that, and then count 37 is the indemnification count. It goes on to say in hoc verba that the city is liable for indemnification to indemnify that officer for damages, for all sums for any damages awarded against that officer for this underlying conduct. So that's why the indemnification count is properly alleged and includes the 1983 allegations. That's why it's properly before the court. Well, I guess by the paragraphs 220, 223, you use the word negligent. You talk about the officers were negligent in the performance of their duties, the supervisors were negligent in supervising them, and the personal injuries were a direct and proximate cause of said negligence. Correct. Maybe that's a pleading error. Maybe you should have used conduct or something else. And I think the important point, Your Honor, being that those excessive force allegations are expressly incorporated into that count. And then the indemnification count by paragraphs 224 through 226 is clearly speaking in totality about all sums, about any damages related to this officer's conduct. So I'd submit we really don't even need a liberal construction of the pleadings, which is what we're supposed to use here in evaluating this, to see the city has an indemnification obligation and the fact that that extends to the officer's full conduct as alleged in that count. And the trial judge did not address this point. It just skipped this point and went to the merits. I think the trial judge's decision, fairly read, indicates that it was essentially conformed, you know, in the process of the, you know, I think he gets to the merits of the issue, seeing that as the main issue for him to decide in this decision and that he had discretion to do that. He certainly does not say that the plaintiff waived the argument by failing to plead it. Correct. And you're saying the city wasn't prejudiced by this because the need for that special interrogatory didn't arise in light of the fact that you were seeking punitive damages. And the city was also involved in the process of deciding what interrogatory should and shouldn't go to the jury. So everyone was involved in the process. I don't think the actual, what was submitted to the jury would have changed if the jury had specifically said excessive force. So I think when we turn to the statute itself, Section 7465, when you look at the plain language of that statute, it provides that cities and towns shall pay all sums that an officer becomes obligated to pay for damages awarded for the infringement of any person's civil rights. If not the result of any willful or wanton act. It does say that later in the statute, yes, Your Honor. Well, it says the occurrence. Let's talk about the plain language. It says, it says the locality shall pay on behalf of any employee. Then skip down all sums such that such an employee becomes obligated to pay. The officer is going to have to pay this. Liability imposed upon an employee for the infringement of anyone's civil rights for physical damages. They're claiming that. If the officer was acting within the scope of the duty, his duties, using the male pronoun here. Nobody is saying that the officer wasn't acting within the scope of his duties. Correct. And if such occurrence, accident, physical injury or damage was not the result of willful or wanton act of such employee into the discharge of such duty. And so it doesn't separate, it doesn't separate the injury into two separate occurrence. It's one occurrence here. There's one set of facts. The officer hit the individual. The officer tased the individual. The officer did something to the individual. It's one set of acts. And the jury's instructed, it's instruct, I've read the instructions repeatedly, the jury's instructed on what it has to decide with regard to giving him compensatory damages. But then it says, if you decide that these acts, same acts that caused the injury, were willful or wanton, you can also award punitive damages. How else can you interpret the jury's decision to give punitive damages than its determination that the injuries caused by the defendants to the plaintiff were the result of willful and wanton, they were the result of a willful or wanton occurrence? If I may, Your Honor, we have two different damages awards. Compensatory damages can be awarded. Let me ask you a question. Can compensatory damages be awarded for a willful or wanton act? Yes. Excessive force can be either a deviation from a reasonable act or it can also be willful or wanton. Can it not? That's true. But what we have here And so, therefore, is it not possible for a jury to award compensatory damages and punitive damages at the same time? I think what matters here, Your Honor, and why this case was, why the district court was correct to construe it this way, is we have an excessive force case. It's an objective reasonableness standard. Excuse me. The district court said that you can't read the statute to cover both. It has to be separate and it covers only the punitive damages award. That can't be what this language means. I think it has. That makes no sense because it means that if an officer willfully and wantonly injures someone, then the municipality and the taxpayers of that municipality must pay for that act, notwithstanding the fact that that act also exposes the officer to punitive damages. Your Honor, if I may, the sole jury finding we have in connection with compensatory damages is that the officer used unreasonable force. That's an objective determination. The Supreme Court of the United States has told us. That was the entry level. But then he went on to charge punitive damages and said you can only award punitive damages if the officer did so willfully and wantonly. It didn't say a second injury. They didn't separate out what he did or didn't do. It's one set of acts. And what the jury, the jury, if you look at the jury form, page 896 in the appendix, the sole jury finding that accompanies the punitive damages is based on deterrence and punishment and what have you. I mean, if you decided we're not going to risk punitive damages because that finding of wantonness and willfulness might jeopardize our ability to collect, that might be a logical thing for you to do. But that wouldn't prevent the defendants or from the city from seeking a special interrogatory from the jury as to whether it was wanton and willful anyway, because that would then trigger the exception to the indemnification statute, right? So I think the problem we have here is that we have a compensatory damages award that is rendered on the objective reasonableness or lack thereof of the officer's conduct. That's the sole finding that's in ---- How else, how else could the jury award punitive damages other than with a finding of willful and wanton conduct? They couldn't. If, if, I would agree with you 100 percent if they had denied punitive damages. But once they grant punitive damages, they've made a finding that his conduct not only was unreasonable, it was willful and wanton. Your Honor, with the short time I have left, if I can make two brief points. The first one is the Connecticut Supreme Court in the Westhaven decision addressed this statute. Westhaven, they had already paid the award. Please don't tell me Westhaven. That is so off the mark that it makes no sense to me. Westhaven, the award, the punitive, the compensatory damages had already been paid. The only issue was whether the municipality and or its carrier had to pay the punitives. And so it was very simple for the high court to decide that. And I would submit, Your Honor, that issue was not even remotely before the Connecticut Supreme Court. I think a fair reading of that decision is that everyone takes for granted that compensatory damages are indemnifiable. Well, maybe everyone's wrong. And another decision that's worth noting is the Milardo decision. It's referenced by the trial court. That's a case where there was an unreasonable search civil rights claim. And what the district court said in that case. The district court decision? The district court decision. It's implying the statute. It's in the briefing. And this is a district court decision that I'm apparently disagreeing with. I understand that, Your Honor. I submit that Milardo is instructive on this point because it says the unreasonable search civil rights claim, indemnification could attach for that, but indemnification could not attach. Do you support us sending this as a certified question to the Connecticut Supreme Court? I don't think it's necessary to do. Why? Has the Connecticut Supreme Court ever ruled on this? Because I think West Haven essentially tells us all we need to know about that. But I completely disagree. I understand that's Your Honor's view. Let me ask you. Did West Haven decide the issue? Was compensatory damage – did they ask the Connecticut Supreme Court to decide whether compensatory damages in light of a punitive damages award was required to be paid under 7465? They didn't expressly decide that. They did not. In part because they didn't have to. And I would submit that their reasoning sort of assumes that it's going to be paid. The only other – So we are to decide what Connecticut law is by what Connecticut – everyone in Connecticut assumes the Connecticut Supreme Court – I think a fair – my argument, Your Honor, is that a fair reading of that decision is that everybody involved in that sees punitives – Your Honor, in my court, my friend, I think you are woefully wrong. Can I ask just one question? Sure. Getting back to my hypothetical, let's – Yes, Your Honor. A case in which no punitives were sought, only compensatories. Is your view that the city would not be able to seek a special interrogatory on the issue of wantonness and willfulness that would result in it not having to indemnify the offending officer? If they have that interrogatory, if you will, directed specifically to the compensatory damages award, then they could have it. But that's not what we have here. And I think the – Is that what the punitive damages award was? Again, the jury's – when we look at the jury form, the jury says compensatory damages are awarded for the officer's unreasonable use of force, and punitive damages are an over and above award, as this Court's precedent has said. It's a different award for different reasons, and in this case for deterrence. If you look at the charge, and the jury was charged that to award punitives, it would have to find wanton and malicious conduct, and it awarded punitive damages. Therefore, it must have found wanton and malicious conduct. Do you agree with that? I agree that they've made a punitive damages award, and my argument is it's for different – Wanton and malicious conduct. It's on a different basis than the compensatory. We're not asking for the punitive damages to be indemnified. Can the conduct be wanton and malicious for purposes of punitive damages, and something less for compensatory damages, when we're talking about the same conduct? Because what the jury was awarding – I mean, going through the verdict form, what the – My question is, is can – we're talking about one set of conduct here, the conduct. Can it be malicious and wanton for purposes of punitive damages, and not for purposes of compensatory damages? I think the jury may have viewed this as awarding something for punitives that they were not awarding for compensatory damages. Would you like me to read it to you? If you find an issue in favor of the plaintiff and award either compensatory or nominal damages on his constitutional claim, and if you further find the acts of the defendant were done maliciously or wantonly, or due to reckless disregard or indifferences to the rights of the plaintiff, then you may assess punitive damages against the defendant on the plaintiff's constitutional claims as you find them proper. I understand that's how the jury was charged. I think what's – what's important about this case that we – if – Okay. Go ahead. Finish your point. If I may, Your Honor, this language was – the civil rights language was added to this statute in 1975 with the obvious intent of ensuring that we can attract qualified people to public service, that things happen to police officers in the course of their duties. As the district court said here, this is an excessive force case that these – I think sort of an everyday excessive force case was how the district court talked about it. The idea that just – I'm sorry. An excessive force case is where an officer engages in unreasonable conduct, objectively speaking, but it's short of being wanton and malicious. And that's what it seems to me the statute picks up. But what I don't think – what I would respond, Your Honors, I don't think the statute intended that if the jury had awarded $1 of punitive damages, it would vitiate the entirety of the compensatory damage award and have an officer losing his house or his personal property as a result. It seems to say that if the conduct is malicious or wanton, the plain words of the statute, then it doesn't apply. All right. We understand your point. Let's hear the regarder. Thank you, Your Honors. Is there any objection to us sending this to Connecticut? I don't have an objection to it, Your Honor. I don't think it's necessary. But I don't think it's necessary, yes. Well, the judge below is somewhat skeptical or surprised that the city was basically bailing on its own officer. Right. That it would make it difficult to attract officers if they thought the city was going to cut and run whenever there's a punitive damages finding. Right. But I assume we don't really need to worry about that. If the city wants to backstop this judgment, perhaps they can. Can they? Yes. You know, we, on a case-by-case basis, we look at the facts sometimes and we resolve cases that, you know, could go badly at trial and we step up for the officers. But that's a case-by-case basis, not by a district court indicating that that's what the statute requires we do in every single case. Are you self-insured? We have a self-insured retention. Can you buy a policy? No. I've been told no. I'm pushing for that, but no. Yes, it is. The amount is only $75,000, right? That's what we're talking about now? Well, that's the punitive portion, but the compensatory portion is $135,000. Yeah. And basically, this would mean that, you know, this decision, we had no alternative. We had to proceed with this appeal. This would open a huge liability for municipalities. All right. Thank you. Thank you. Well-reserved decision. The final two cases are on submission. Accordingly, I'll ask Clark to adjourn. Court is adjourned. Thank you.